IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES of AMERICA

v.                                                  Criminal Action No. 2:11cr38

**LOREN DUDE LINKER,**

**Defendant.**

## OPINION & ORDER

This matter is before the Court on Loren Dude Linker's ("Defendant") Motion for Early Termination of Supervised Release ("the Motion"). Doc. 33. Defendant filed the motion by counsel on May 5, 2016. Id. The Government did not respond. For the reasons set forth below, the Court **GRANTS** the Motion.

### I.      BACKGROUND

**A.**     **Procedural History**

On March 16, 2011, the Grand Jury charged Defendant with seventeen (17) counts of conspiracy to manufacture and distribute methamphetamine, possession with intent to distribute methamphetamine, and related charges. Doc. 3. The charges stemmed from Defendant's use of his business, Handyman Plus, Inc., to produce and distribute methamphetamine. Doc. 21 ¶ 5. On April 6, 2011, Defendant pled guilty to Conspiracy to Manufacture, Distribute and Possess with Intent to Manufacture and Distribute 50 Grams or More of Methamphetamine, a Schedule II Controlled Substance, in violation of 21, U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One) and Using a Communication Facility to Facilitate Drug Trafficking Crimes, in violation of 21 U.S.C. § 843(b), (d) and 18 U.S.C. § 2 (Count Seventeen). See Doc. 17. On September 20, 2011, Defendant was sentenced to sixty (60) months imprisonment on Count One and forty-eight (48)

months imprisonment on Count Seventeen, to run concurrently. Doc. 29. Defendant was also sentenced to four (4) years supervised release on Count One and one (1) year supervised release on Count Seventeen, to run concurrently. Id. Defendant's period of supervised release began on July 25, 2014. Doc. 33 ¶ I.

**B.    Facts**

Defendant requests early termination of supervised release so he can both reapply for a Class A contractor's license and freely visit his elderly relatives out of state. Doc. 33 ¶ V.

Defendant argues that he is eligible for early termination because he was a "model inmate" while incarcerated and has been "fully compliant with all terms and conditions" and exhibited "stellar performance" during his release. Id. ¶¶ IV, II. While incarcerated, Defendant completed programs in electrical skills, general contracting, physical fitness, and five hundred twelve (512) hours of comprehensive drug treatment. Id., Exs. A–E. Fort Dix even awarded Defendant $100 for "an act of heroism" in 2012. Id., Ex. F. Defendant helped to rescue a prison staff member from a ten-to-twelve foot deep grease pit behind a food service building, likely preventing the staff member from incurring "further injury." Id.

Since his release in 2014, Defendant has lived peacefully with his family in Virginia Beach. Id. ¶ II. He has been employed, paid his financial obligations, remained drug free, and satisfied the requirements of the Court and his probation officer ("PO"). Id. ¶ II. Defendant's PO supports his early termination of supervised release. Id. ¶ III.

Defendant did not finish high school but earned his GED by the early 1990s. Doc. 21 ¶¶ 69–70. He has "obtained multiple professional licenses and skills as a result of his labor business" and operated Handyman Plus, Inc. with up to twelve (12) employees for about thirteen (13) years before he was incarcerated. Id. ¶¶ 70, 73. Defendant estimated prior to his sentencing

that he was approximately $500,000.00 in debt and Handyman Plus, Inc. was not profitable. Id. ¶¶ 74–79, 103. Defendant and his wife have been married since 1984 and have two grown daughters. Id. ¶¶ 50–51. Defendant has no siblings, and his elderly mother lives in Virginia Beach. Id. ¶ 49.

## II. LEGAL STANDARDS

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider the defendant's sentencing factors, see § 3553(a),[1] and then may "consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999); see § 3583(e). The court must at least "conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." Id. "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. U.S., 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

Some district courts "have found that even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination [because] 'model prison conduct and full compliance with the terms of supervised release is what is expected of a

---

[1] The sentencing factors include the nature and circumstances of the offense and the history and the defendant's characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the kinds of sentences and their applicable categories, pertinent policy statements, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

3

person . . . .'" United States v. Etheridge, 999 F. Supp. 2d 192, 196 (D.C. Cir. 2013) (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); United States v. Hardesty, No. 95-20031-01-JWL, 2002 WL 731705, at *1 (D. Kan. Apr. 2, 2002) (holding that continued supervision of the defendant was "necessary to ensure that he makes as much satisfaction of his debts as is possible" and that early termination "would be an affront to the victims"); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). A defendant must show "unusual or extraordinary" character beyond following the requirements of his release. United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

In Medina, the defendant achieved "various accomplishments" while incarcerated, "including [completing] various construction projects." 17 F. Supp. 2d at 246. The Government agreed that Medina's supervision was "quite satisfactory" due to his stable home environment, gainful employment at two locations, and clean drug tests every sixty days. Id. Nevertheless, the Government and the court agreed that early termination of the defendant's supervised release was "premature" because "no new or exceptional circumstances [existed] sufficient to warrant termination" five years early. Id. Noting that an "unblemished" supervised release period was "alone . . . not sufficient reason to terminate the supervised release," the court denied Medina's motion but granted leave for him to renew it a year later. Id.

### III.  ANALYSIS

Because Defendant has served more than one (1) year of supervised release, the Court may consider his eligibility for early termination. 18 U.S.C. § 3583(e)(1). Defendant's sentencing factors included his "extensive and serious criminal history" (without sentencing enhancement) and his use of marijuana, methamphetamine, and prescription drugs beginning when he was a teenager. Doc. 21 ¶¶ 63–65. His criminal history category was IV, and his total

offense level was 25. Id. ¶¶ 104–105. Defendant apologized to his family and "freely admitted his guilt" when he entered his guilty plea. Id. ¶¶ 28, 29. At sentencing, the Court granted the Government's motion for a downward departure. Doc. 27.

Defendant has already served almost half of his supervised release period and has followed all conditions put forth by his probation officer, who approves of early termination. Doc. 33 ¶ III. Despite Defendant's grievous charges, he made the best of his incarceration. See Doc. 33. He completed a thorough drug treatment program and construction skills courses while incarcerated, id. ¶ IV, embodying the purposes of the sentencing factors in receiving needed vocational and correctional treatment, § 3553(a)(2)(D). Defendant went out of his way to rescue a prison staff member from a dangerous situation, id., Ex. F, exhibiting behavior beyond that of a "model" inmate who simply followed the rules, see Etheridge, 999 F. Supp. 2d at 196. Defendant willingly paid his debt to society while incarcerated and has also behaved admirably while on supervised release. Doc. 33. Unlike the defendant in Medina, who simply obeyed his probation officer's instructions, Defendant has done the same and "been financially responsible," which demonstrates "exceptional" character considering his previous financial difficulties. Id. ¶ II; Medina, 17 F. Supp. 2d at 246; see Folks, 733 F. Supp. 2d at 651; Caruso, 241 F. Supp. 2d at 469. Additionally, Defendant's motivations for filing the Motion are productive and family-oriented. Doc. 33 ¶ V. Defendant owes no restitution, and no victims will be prejudiced by his early termination. Hardesty, 2002 WL 731705, at *1. Therefore, early termination of Defendant's supervised release is warranted by his conduct and is in the interest of justice. See § 3583(e)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Early

Termination of Supervised Release. Doc. 33.

 The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

 It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 14, 2016